UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MURAT ALP and MUHAMMET YAMI,                    Civil Action No.

                               Plaintiffs,

    -against-

201 RANA SERVICE STATION, INC.,
ABBAS AKKAYA, and KASAT KARAASLAN,

                               Defendants.
---------------------------------------------------------------X

## COMPLAINT

Plaintiffs, MURAT ALP ("Alp") and MUHAMMET YAMI ("Yami") (collectively "Plaintiffs"), as and for their Complaint against Defendants, 201 RANA SERVICE STATION, INC. ("Rana Service"), ABBAS AKKAYA ("Akkaya"), and KASAT KARAASLAN ("Karaaslan") (collectively, "Defendants"), respectfully allege as follows:

## JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, unpaid minimum wages, spread of hours compensation, and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Alp is an adult male who resides in Huntington Station, New York.

6. Yami is an adult male who resides in Huntington Station, New York.

7. Alp was employed by Defendants from October 2018 to February 24, 2020.

8. Yami was employed by Defendants from October 2017 to about July 1, 2019.

9. According to the New York State Department of State, Division of Corporations, Rana Service is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Rana Service owns and operates the Extra gas station located at 201 Depot Road, Huntington, New York.

11. At all relevant times, Rana Service maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

12. Upon information and belief, Akkaya is a resident of the State of New York.

13. Upon information and belief, Karaaslan is a resident of the State of New York.

14. Upon information and belief, at all relevant times, Akkaya and Karaaslan are both owners, corporate officers, directors, and/or managing agents of Rana Service.

15. Upon information and belief, at all relevant times, Akkaya and Karaaslan have both exercised operational control over Rana Service, controlled significant business functions of Rana Service, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Rana Service in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

16. At all relevant times, Akkaya and Karaaslan participated in running the daily operations of Rana Service.

17. At all relevant times, Akkaya and Karaaslan participated in the management and supervision of Plaintiffs and their work for Rana Service.

18. At all relevant times, Akkaya and Karaaslan maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

19. At all relevant times, Defendants have had substantial control over Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

20. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

## FACTS

21. At all times relevant to this action, Plaintiffs were employed as gas station attendants for the benefit of and at the direction of Defendants at the Extra gas station located at 201 Depot Road, Huntington, New York.

22. Throughout his employment with Defendants, Alp worked 6 days per week with Thursday being his day off. On Monday, Tuesday, Wednesday and Friday, Alp worked from 12 p.m. to 11 p.m.; on Saturday Alp worked from 5 a.m. to 11 p.m.; on Sunday Alp worked from 6 a.m. to 10 p.m.

23. During this time, Alp did not receive and did not take any uninterrupted meal breaks.

24. During this time, Alp worked at least 78 hours per week.

25. Throughout his employment with Defendants, Yami worked 6 days per week with Friday being his day off. On Monday, Tuesday, Wednesday and Thursday, Yami worked from 2 p.m. to 11 p.m.; on Saturday Yami worked from 12 p.m. to 11 p.m.; on Sunday Yami worked from 6 a.m. to 10 p.m.

26. During this time, Yami did not receive and did not take any uninterrupted meal breaks.

27. During this time, Yami worked at least 63 hours per week.

28. Throughout Plaintiffs' employment, Defendants paid Plaintiffs $10.00 an hour.

29. Throughout Plaintiffs' employment, Defendants paid Plaintiffs in cash on a weekly basis.

30. Throughout Plaintiffs' employment, Defendants paid Plaintiffs straight time for all hours worked.

31. Throughout Plaintiffs' employment Defendants did not pay Plaintiffs overtime compensation for any hours that they worked in excess of forty (40) hours each week.

32. During their employment, Defendants did not pay Plaintiffs the proper statutory minimum wage.

33. During their employment, Plaintiffs worked more than ten (10) hours a day for several days each week.

34. During this time, Defendants did not pay Plaintiffs spread of hours compensation at a rate of one extra hour of pay at the minimum wage rate for any day in which Plaintiffs worked in excess of ten (10) hours.

35. Throughout Plaintiffs' employment, Defendants did not require Plaintiffs to sign, punch, or clock in or out of their shifts or track their time worked in any other manner.

36. Throughout Plaintiffs' employment, Defendants failed to keep and maintain accurate time records for the time that Plaintiffs worked each day and week.

37. Throughout Plaintiffs' employment, Defendants did not provide Plaintiffs with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of their hiring, or at any time thereafter, as required by NYLL § 195(1).

38. Throughout Plaintiffs' employment, Defendants did not provide Plaintiffs with complete and accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with their weekly pay, as required by NYLL § 195(3).

39. Akkaya and Karaaslan participated in the daily supervision of Plaintiffs' duties during their employment.

40. Akkaya and Karaaslan participated in setting Plaintiffs' work schedule during their employment.

41. Akkaya and Karaaslan participated in deciding the manner in which Plaintiffs were paid during their employment.

42. Akkaya and Karaaslan participated in running the day-to-day operations of Rana Service and the Extra gas station during Plaintiffs' employment.

43. Akkaya and Karaaslan participated in deciding the hours that Plaintiffs worked each week during their employment.

44. Akkaya and Karaaslan participated in deciding the job duties that Plaintiffs performed on a daily basis during their employment.

45. Defendants have managed Plaintiffs' employment, including the amount of overtime worked.

46. Defendants have dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiffs' employment.

47. Defendants have been aware of Plaintiffs' work hours but have failed to pay them the full amount of overtime compensation to which they were entitled to for this work time under the law.

48. Defendants have been aware that Plaintiffs worked in excess of ten (10) hours per day but have failed to pay them the full amount of spread of hours compensation to which they were entitled to for this work time under the law.

49. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

50. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

51. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

52. Defendants were and are subject to the overtime pay requirements of the FLSA because Rana Service is an enterprise engaged in commerce or in the production of goods for commerce.

53. At all times relevant to this Complaint, Rana Service had two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who handled merchandise and gasoline that originated outside of the State of New York.

54. Upon information and belief, the gross annual volume of sales made or business done by Rana Service for the years 2017, 2018, and 2019 was not less than $500,000.00.

55. At all times relevant to this action, Plaintiffs have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

56. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

57. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

58. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

59. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

60. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

61. Defendants have not acted in good faith with respect to the conduct alleged herein.

62. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

63. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

64. At all times relevant to this Action, Plaintiffs have been employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

66. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

67. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

68. Plaintiffs were not exempt from the overtime provisions of the New York Labor Articles, because they do not meet the requirements for any of the reduced number of exemptions available under New York law.

69. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

70. As a result of Defendants' violations of the NYLL, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY SPREAD OF HOURS**

71. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

72. As set forth herein, Plaintiffs' shifts were regularly spread beyond ten (10) hours per day during their employment with Defendants.

73. As set forth herein, Plaintiffs were paid less than the statutory minimum wage rate during their employment.

74. Defendants did not pay spread of hours compensation to Plaintiffs as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

75. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

76. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

77. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiffs as their primary language, which were to contain, among other things, Plaintiffs' rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

79. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

81. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

82. Defendants willfully failed to provide Plaintiffs written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

83. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO PAY MINIMUM WAGES

85. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

86. At all relevant times to this action, Plaintiffs were employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

87. At all relevant times, Plaintiffs were covered by the NYLL.

88. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

89. As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

90. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

91. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

92. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants their unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

 1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiffs;

 2. Willfully violated the provisions of the FLSA;

      3. Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiffs;

      4. Willfully violated the applicable provisions of the NYLL;

      5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B. Award compensatory damages, including all overtime compensation and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime compensation, minimum wages, spread of hours compensation, and other compensation due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award all costs and attorney's fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 19, 2020

                                                    Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Murat Alp, et al., v. 201 Rana Service Station, Inc. d/b/a Xtra Fuels, et al.,** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: Massapequa, New York
    March 10, 2020

_/s/ Murat Alp_

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Murat Alp, et al., v. 201 Rana Service Station, Inc. d/b/a Xtra Fuels, et al.,** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b).

Dated: Massapequa, New York
       March 10, 2020

_____<br>Muhammet Yami